IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| RUSSELL WAYNE MELTON | § | |
| VS. | § | CIVIL ACTION NO. 1:24cv304 |
| ONYEMUCHE E. OGU | § | |

MEMORANDUM ORDER REGARDING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Russell Wayne Melton, an inmate formerly at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brought the above-styled lawsuit against Onyemuche E. Ogu.

The Court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge recommends granting the defendant's motion for summary judgment based on plaintiff's failure to exhaust administrative remedies.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Based on the record before the magistrate judge it was clear plaintiff did not exhaust his available administrative remedies. Plaintiff's response to the defendant's motion and his objections, however, create a genuine issue of material fact regarding exhaustion and whether the process was

available to plaintiff.  Plaintiff objects to the report, asserting that he did attempt to exhaust administrative remedies, but the remedy was not available for him to exhaust due to staff falsifying documents. [Dkt. 30 at 10.]  Additionally, in his response to the defendant's motion for summary judgment, plaintiff asserts his Step 1 grievance was not timely returned to him based on his confinement in transient status housing and his subsequent transfer from the Stiles Unit.  Plaintiff states he did not receive his returned Step 1 grievance until April 12, 2023 and he filed his Step 2 appeal the very next day, April 13, 2023. [Dkt. 27 at 4-5, 14.]  In his Step 2 grievance, plaintiff requested an extension of time based on delay in receiving the Step 1 response due to him being confined in transient status for sixty days and being transferred from the Stiles Unit.  Despite plaintiff's request for extension, however, the Step 2 grievance was returned to plaintiff without being processed because the time in which to appeal had expired. [Dkt. 27 at 14-15.]

The defendant filed a reply to plaintiff's objections.  The defendant asserts that plaintiff's objections were untimely and contain nothing beyond his self-serving and unsworn assertion that the Step 1 grievance was not returned to him until April 12, 2023.  Plaintiff's assertions, however, are also supported by his statements in the grievance submitted at the time of the grievance appeal. Further, the defendant does not contest the authenticity of plaintiff's documents yet he makes no attempt to explain why the documents were not provided to the Court as part of his motion for summary judgment. After careful consideration, the Court concludes that, based on the record now before the Court, plaintiff's objections have merit and a genuine issue of material fact exists precluding summary judgment.  Nor does defendant or his counsel explain what appears to be incorrect statements of fact contained in the motion for summary judgment that the plaintiff failed to file a grievance regarding this incident.  The defendant's motion for summary judgment limited

to the issue of exhaustion should therefore be denied, and the case should be recommitted to the magistrate judge for further proceedings.

## O R D E R

Accordingly, plaintiff's objections are meritorious.  The defendant's motion for summary judgment limited to the exhaustion of administrative remedies should be denied, and the case should be recommitted to the magistrate judge for further proceedings.  It is

ORDERED that the defendant's motion for summary judgment is DENIED.  The case is RECOMMITTED to the magistrate judge for further proceedings.

**SIGNED this 17th day of July, 2026.**

_____
Michael J. Truncale
United States District Judge